UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LYLE HERMAN<br>     Plaintiff, | ]<br>]<br>] |
| v. | ]   No. 3:13-0435<br>]   Judge Sharp |
| TRANSCOR AMERICA, LLC<br>     Defendant. | ]<br>] |

**O R D E R**

The Court has before it a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No. 4).

The plaintiff is an inmate at the Montana State Prison in Deer Lodge, Montana. In no event is the plaintiff, as a prisoner, allowed to bring a civil action in this Court in forma pauperis if he has, on three or more prior occasions, brought an action in a court of the United States which was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In other words, a prisoner who falls within the scope of § 1915(g) is not precluded from filing his lawsuit in federal court. He is, however, precluded from filing his lawsuit at taxpayer expense. Wilson v. Yaklich, 148 F.3d 596, 604 (6th Cir.1998), *cert. denied*, 525 U.S. 1139 (1999).[1]

---

[1] Consequently, § 1915(g) does not provide an independent basis for dismissing an action, but merely authorizes the denial or revocation of a prisoner's pauper status. Sweatt v. Campbell, et al., No. 99-6146, 2000 WL 658070 (6th Cir.; 5/9/00).

1

In this regard, the prisoner plaintiff has previously filed at least three civil actions in federal court that were dismissed for failure to state a claim.[2] He has not alleged an imminent danger of serious physical injury. Accordingly, plaintiff's application to proceed in forma pauperis is hereby DENIED. 28 U.S.C. § 1915(g).

The Sixth Circuit Court of Appeals has made the following observation with respect to prisoners who fall within the scope of § 1915(g) :

> A prisoner who has filed prior civil actions should be aware
> of the disposition of those actions and the possible application
> of § 1915(g) to any new actions he wishes to pursue. By choosing
> to file a new action, he invokes the jurisdiction of the federal court
> and avails himself to the process afforded by that court. Even
> if the end result is an order of summary dismissal under § 1915(g),
> the action will require a considerable amount of time and effort on
> the part of the district court and the court staff. The requirement that
> the full fees be paid for these actions - whatever their merit or
> disposition - will provide a prisoner with the incentive to consider
> carefully whether or not to submit a new action to the district court.
> Not to require the payment of the full fee would permit a prisoner
> subject to the three-strikes rule to continue to file frivolous civil
> complaints - thus taking much valuable time away from other non-frivolous
> litigation - without any consequence beyond their mere dismissal
> under § 1915(g). The intent of the PLRA was to deter such litigation
> and it would be anomalous for a provision of that Act to provide
> a means for the repeated filing of frivolous actions without financial
> consequences to the prisoner litigant.

In re Alea, 286 F.3d 378, 382 (6th Cir. 2002).

---

[2] The three cases include:
Herman v. Sharkey, et al., Civil Action No. 6:08-00060 (D. Mont.)(dismissed on 12/4/08 for failure to state a claim);
Herman v. Mahoney, Civil Action No. 6:08-00078 (D. Mont.)(dismissed on 2/4/09 for failure to state a claim); and
Herman v. Luceir, et al., Civil Action No. 6:08-00079 (D. Mont.)( dismissed on 2/5/09 for failure to state a claim).

Therefore, the plaintiff is GRANTED thirty (30) days from the date of entry of this order on the docket in which to remit the full filing fee of four hundred dollars ($400.00). The plaintiff is forewarned that, should he fail to comply with the instructions of the Court, the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution. *Id.*

It is so ORDERED.

Kevin H. Sharp
United States District Judge